CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 24 2014

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JUNMALL J. BOYD, | ) | |
| | ) | Criminal No. 7:08cr00003 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | By: Samuel G. Wilson |
| | ) | United States District Judge |
| Respondent. | ) | |

Petitioner Junmall Boyd, a federal inmate proceeding *pro se*, brings this motion pursuant to 28 U.S.C. § 2255, seeking to correct the 180-month sentence the court imposed following Boyd's guilty plea to possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Boyd claims the court improperly sentenced him to an enhanced penalty under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), and presents various other constitutional challenges. The government has moved to dismiss. Finding that Boyd's ACCA claims are without merit and that his other claims are time barred, the court denies his motion and grants the government's motion to dismiss.

I.

On February 7, 2008, a grand jury indicted Boyd on multiple counts. On August 20, 2008, Boyd entered into a written plea agreement with the Government. The plea agreement called for Boyd to plead guilty to count one (possession of a firearm as a convicted felon) and, in doing so, to "stipulate there is a sufficient factual basis to support each and every material factual allegation contained within the charging document(s)." (ECF No. 37 at 10) The agreement contemplated a 180-month (15 year) term of imprisonment. On August 21, 2008, the court conducted a Rule 11 plea colloquy in which it advised Boyd of the nature of the charges and the

effects of pleading guilty, including the potential sentence applicable to count one. (Id. at 1-2) The court specifically apprised Boyd that if it determined that Boyd had three previous convictions for serious drug offenses and/or violent felonies, count one was subject to a fifteen year mandatory minimum, pursuant to 18 U.S.C. § 924(e). Boyd acknowledged that he understood, and the court found that his guilty plea was a knowing and voluntary plea and accepted it. A presentence report was then prepared. According to that report, Boyd had three previous burglary convictions that qualified as violent felonies under the ACCA,[1] and therefore, Boyd was an armed career criminal facing a mandatory minimum of 180 months and a guideline sentencing range of 180 to 210 months. Boyd did not object to the report. On November 13, 2008, the court adopted the presentence report and sentenced Boyd to 180 months on count one. Boyd did not appeal, and his judgment became final on November 27, 2008. On December 16, 2013, Boyd moved to vacate, pursuant to 28 U.S.C. § 2255.

II.

Boyd now argues the court erred in finding that he was an armed career criminal in light of the Supreme Court's recent holdings in Alleyne v. United States, 133 S. Ct. 2151 (2013) and Descamps v. United States, 133 S. Ct. 2276 (2013), which were decided after Boyd was sentenced. Finding that neither case is of any benefit to Boyd, the court will deny his motion.

A.

Boyd first claims that the court engaged in judicial fact-finding in contravention of Alleyne. Boyd over reads Alleyne's holding and, in any event, that holding is not retroactive to cases on collateral review.

---

[1] A fourth statutory burglary conviction on June 30, 2008 was included in the presentence report (as breaking and entering with intent to commit larceny) but not identified as a predicate offense because it was committed after the charged offense.

2

Before <u>Alleyne</u>, the Supreme Court held in <u>Harris v. United States</u>, 536 U.S. 545 (2002) and <u>McMillan v. Pennsylvania</u>, 477 U.S. 79 (1986), that "facts increasing a mandatory minimum sentence could be decided by a judge at sentencing rather than a jury." <u>Id.</u> at 563-65. <u>Alleyne</u> overruled both <u>Harris</u> and <u>McMillan</u> and held that such facts are instead elements that "must be submitted to the jury and found beyond a reasonable doubt." 133 S. Ct. at 2158. However, <u>Alleyne</u> did not disturb <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), "which authorizes a district court to apply an enhanced sentence based upon its finding of applicable prior convictions." <u>United States v. Croft</u>, 533 Fed. Appx. 187, 188 (4th Cir. 2013) (unpublished) (finding <u>Alleyne</u> of no aid to defendant who challenged the increase of his mandatory minimum sentence based on his status as an armed career criminal, which was based on the district court's finding of defendant's prior convictions by a preponderance of the evidence); see <u>United States v. Blair</u>, 734 F.3d 218, 227 (3d Cir. 2013) ("<u>Alleyne</u> do[es] nothing to restrict the established exception under <u>Almendarez-Torres</u> that allows judges to consider prior convictions."). But see <u>United States v. McDowell</u>, 2014 WL 960256 (4th Cir. March 11, 2014) (acknowledging the <u>Almendarez-Torres</u> exception to judicial fact-finding and calling for its reconsideration.)

In addition, the court sentenced Boyd on November 13, 2008, and Boyd did not appeal. The Supreme Court did not decide <u>Alleyne</u> until June 17, 2013 and did not make it retroactive to cases on collateral review. See <u>United States v. Stewart</u>, 2013 WL 5397401, at *1 n.* (4th Cir. Sept. 27, 2013) (noting that <u>Alleyne</u> "has not been made retroactively applicable to cases on collateral review").

B.

Boyd next claims the new rule announced in <u>Descamps</u> prevents his previous state burglary convictions from now qualifying as predicate offenses under 18 U.S.C. § 924(e) and,

3

therefore, he is "actually innocent" of being an armed career criminal. However, Descamps provides no relief to Boyd who does not dispute the underlying validity of his previous state burglary convictions.

Under the procedural default rule, "a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004). Boyd did not challenge his sentence on direct appeal, and therefore, he has procedurally defaulted his claim. Boyd's procedural default may be excused, however, if one of the two exceptions to the procedural default rule applies: (1) for cause and prejudice; or (2) for a miscarriage of justice, or actual innocence. Id. Boyd asserts that the actual innocence exception applies to excuse his procedural default because, in light of the Supreme Court's holding in Descamps, the § 924(e) sentencing enhancement was erroneously applied, making him now "actually innocent" of being an armed career criminal. But the Fourth Circuit has made clear that an alleged procedural defect at a sentencing proceeding, such as the use of the modified categorical approach rather than the categorical approach, is not enough to demonstrate actual innocence of a sentencing enhancement. See United States v. Pettiford, 612 F.3d 270, 283 (4th Cir. 2010) (rejecting petitioner's contention that the actual innocence exception applies to excuse a procedural default whenever a sentencing enhancement is erroneously applied). To prove actual innocence of a sentence,[2] Boyd must show by clear and convincing evidence that he was *factually* innocent of the requisite predicate offense(s). Id. at 282. "A petitioner is factually

---

[2] A defendant's procedural default can be excused if the defendant "can show that he is actually innocent either of the crime of conviction or, in the capital context, of the sentence itself." McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011). The Fourth Circuit has extended the actual innocence of sentence exception beyond the capital context to noncapital sentencing proceedings involving habitual offenders. United States v. Maybeck, 23 F.3d 888, 892-94 (4th Cir. 1994).

4

innocent if he shows that he 'did not commit the crime of which he was convicted.'" Id. at 284 (quoting United States v. Mikalajunas, 186 F.3d 490, 494 (4th Cir. 1999)). In other words, a petitioner who has been sentenced as an armed career criminal on the basis of three previous burglary convictions is factually innocent of the sentencing enhancement if he can show that he did not actually commit generic burglary on one or more of those occasions.

Boyd fails to do so. Boyd does not assert that he did not actually commit either of the three burglary convictions used as predicate offenses. Instead, he makes only the legal argument that his convictions should not have been classified as "violent felonies" under the ACCA. "[A]ctual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from *factual* innocence of the predicate crimes, and not from the legal classification of the predicate crimes." Id. Therefore, as in Pettiford, Boyd fails to establish a cognizable claim of actual innocence, and the court will dismiss his claim.[3]

### III.

Boyd also claims his counsel provided ineffective assistance by refusing to file an appeal and that his plea was involuntary and not knowingly made. However, Boyd's ineffective assistance of counsel claims are time barred, and the court will dismiss them.

A motion for post-conviction relief under 28 U.S.C. § 2255 must generally be filed within one year from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f). Only under limited circumstances shall the one year statute of limitations run from a later date—when the movant was prevented from making a motion by government action, when the claim involves a new constitutional rule, or when the facts supporting the claim could not have been discovered through the exercise of due diligence. Id.

---

[3] It is also doubtful that Descamps applies retroactively to cases on collateral review. Williams v. Ziegler, 2014 WL 201713, at *2 n.3 (S.D.W. Va. Jan. 17, 2014) (citing cases).

5

As no such exception applies here,[4] Boyd must have filed the present § 2255 motion within one year of the date that his conviction became final. Boyd did not file his motion until December 16, 2013, more than five years after his conviction became final and more than four years too late. Accordingly, Boyd's ineffective assistance of counsel claims are barred by the one year statute of limitations.

IV.

For the reasons stated, the court denies Boyd's motion to correct his sentence and grants the government's motion to dismiss.

**ENTER**: April 24, 2014.

UNITED STATES DISTRICT JUDGE

---

[4] Boyd argues that his claims are not time barred because they were filed within one year of the Supreme Court's decisions in Alleyne and Descamps, which announced new constitutional rules. See 28 U.S.C. § 2255(f)(3). However, those decisions did not announce new rules pertaining to constitutional claims of ineffective assistance of counsel.