CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 05 2017
JULIA C. DUDLEY, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 7:08CR00003 |
| v. | ) |
| | ) |
| JUNMALL J. BOYD, | ) |
| | ) By:  Michael F. Urbanski |
| Petitioner. | )     United States District Judge |

## MEMORANDUM OPINION

Petitioner Junmall J. Boyd brings this habeas corpus petition pursuant to 28 U.S.C. § 2255, asking the court to vacate or correct his sentence in light of the United States Supreme Court's recent decision in Johnson v. United States, 135 S. Ct. 2551 (2015). ECF No. 70. The government has moved to dismiss Boyd's § 2255 motion, ECF No. 82 & 83, and Boyd has responded. ECF No. 84. For the reasons that follow, the court will **GRANT** Boyd's § 2255 motion and **DENY** the United States' motion to dismiss.[1]

I.

On November 17, 2008, a criminal judgment was entered sentencing Boyd to a term of 180 months of incarceration for possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). Because the court determined that Boyd had three or more qualifying convictions under the Armed Career Criminal Act (the "ACCA"), he was subject to 18 U.S.C. § 924(e)'s mandatory minimum sentence of 180 months, rather than the 120-month maximum sentence otherwise authorized under § 924(a)(2). The court calculated the

---

[1] This case will be set down for resentencing.

sentencing guideline range as being 180 to 210 months and sentenced Boyd to serve the low end of that range in prison.

The Presentence Investigation Report ("PSR") stated that three of Boyd's prior convictions, referenced at paragraphs 33, 34, and 36 of the PSR, qualified to enhance his sentence under the ACCA. ECF No. 52, at ¶ 21. The PSR listed those convictions as follows: Paragraph 33, a 1993 conviction for Pennsylvania burglary; Paragraph 35, a 2004 conviction for Pennsylvania burglary; and Paragraph 36, a 2004 conviction for Georgia burglary. Boyd made no objection to the PSR, and the plea agreement and sentencing transcript reflect that the parties agreed upon the statutory minimum 180-month sentence. ECF No. 37, at 1; ECF No. 91, at 3-4.

Boyd previously has filed three motions to vacate his sentence under 28 U.S.C. § 2255. In his first petition, Boyd argued that he was actually innocent of being an armed career criminal based on the Supreme Court's holding in Descamps v. United States, 133 S. Ct. 2276 (2013). The district court held that Boyd could not establish that he was factually innocent of the underlying burglary convictions and denied his petition. ECF No. 58. Boyd's two subsequent § 2255 petitions were dismissed as being successive and lacking approval for filing from the court of appeals. ECF Nos. 63, 66.

On June 21, 2016, the Fourth Circuit Court of Appeals granted Boyd's motion to file a second or successive § 2255 motion based on Johnson v. United States, 135 S. Ct. 2551 (2015) ("Johnson II"),[2] ECF No. 69, and Boyd filed the pending petition the same day. ECF

---

[2] The court refers to the 2015 Johnson decision as "Johnson II" to distinguish it from the Supreme Court's earlier decision in Johnson v. United States, 559 U.S. 133 (2010), concerning the force clause of § 924(e).

2

No. 70. In his petition, Boyd challenges the finding that his prior burglary convictions meet the definition of a violent felony under § 924(e).

The government filed a motion to dismiss, in which it concedes that Boyd's Pennsylvania burglary convictions do not qualify as violent felonies under the ACCA. ECF No. 83, at 1, 3-4. The government argues that Boyd's claim nevertheless must be dismissed, because it does not meet the standard of 28 U.S.C. § 2255(h) for second or successive § 2255 petitions, as it was based on the Supreme Court's decisions in Taylor v. United States, 495 U.S. 575 (1990), and Descamps, rather than Johnson II.

The court held a hearing on November 29, 2016, and this matter is now ripe for adjudication.

## II.

Under 28 U.S.C. § 2255, a federal inmate may move the sentencing court to vacate, set aside, or correct the prisoner's sentence. Courts may afford relief where "the sentence was imposed in violation of the Constitution or the laws of the United States." Id. § 2255(a). If the court determines the sentence was unlawfully imposed, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." Id. § 2255(b).

A convicted felon found guilty of possessing a firearm faces a maximum sentence of 120 months. 18 U.S.C. § 924(a)(2). However, the ACCA provides for a mandatory minimum sentence of 180 months when a defendant was previously convicted of at least three prior serious drug offenses or violent felonies. Id. § 924(e)(1). A violent felony is defined as:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that —

3

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, ~~or otherwise involves conduct that presents a serious potential risk of physical injury to another.~~ . . .

Id. § 924(e)(2)(B) (strikeout added).

In Johnson II, decided in 2015, the Supreme Court invalidated the language stricken above after finding it void for vagueness. Though often parsed into three clauses—the force clause, the enumerated clause, and the residual clause—§ 924(e)(2)(B) is comprised of two numbered subsections. See Begay v. United States, 553 U.S. 137, 142-44 (2008). Specifically, the first subsection states:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

18 U.S.C. § 924(e)(2)(B) ("Subsection (i)"). The second subsection states:

> (ii) is burglary, arson, or extortion, involves use of explosives, ~~or otherwise involves conduct that presents a serious potential risk of physical injury to another.~~ . . .

Id. ("Subsection (ii)"). Subsection (ii)—the only part of the statute at issue in Boyd's claim—lists several specific "enumerated offense" crimes—burglary, arson, extortion, and use of explosives—that amount to violent felonies. Subsection (ii) goes on to encompass any crime that "otherwise involves conduct that presents a serious potential risk of injury."

The second portion of Subsection (ii)—the part of the statute deemed unconstitutional in Johnson II—is often called the "residual clause." The residual clause refers to crimes that are "similar to the listed examples in some respects but different in others—similar, say, in respect to the degree of risk it produces, but different in respect to the 'way or manner' in which it produces that risk." Begay, 553 U.S. at 144. Accordingly, a

4

crime, for ACCA purposes, cannot qualify as both an enumerated offense and as a residual offense. Id. A contrary interpretation would read the word "otherwise" out of Subsection (ii). Id. Rather, a predicate conviction is an enumerated offense, a residual offense similar to an enumerated offense, or neither. This understanding of § 924(e) was confirmed in James v. United States, 550 U.S. 192 (2007), and aligns with the court's conclusion in this case.

In James, the Supreme Court determined that neither attempted burglary nor Florida's burglary statute was properly considered as an enumerated offense under Subsection (ii). Id. at 212-13. This is so because, as explained below, the enumerated offense of burglary has been defined by the Supreme Court in a manner that is incongruous with the way many states have written their burglary statutes. Because Florida's version of burglary and attempted burglary did not fall within the definition of generic burglary, but posed a degree of risk similar to the ACCA's enumerated version of burglary, the government could rely "on the residual provision of [Subsection (ii)], which—as the Court has recognized—can cover conduct that is outside the strict definition of, but nevertheless similar to, generic burglary." Id.

Thus, when the Court struck down the ACCA's residual clause in Johnson II, the ACCA enhancement applied in James, based solely on the residual clause, fell as well.[3] 135 S. Ct. at 2563 ("We hold that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process. Our contrary holdings in James and [United States v.] Sykes, [564 U.S. 1 (2011),] are overruled.

---

[3] The fact that Johnson II struck down the ACCA enhancement in James, founded as it was solely on the residual clause, does not affect the validity of the reasoning in James addressed above, that the Florida burglary and attempted burglary statutes fell outside the enumerated clause.

5

Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.").

Whether the Pennsylvania crime of burglary falls within the enumerated clause portion or the residual clause portion of Subsection (ii) is dispositive in determining whether Johnson II reaches Boyd's conviction under the ACCA. Pennsylvania federal courts, including most recently the Third Circuit Court of Appeals, have conclusively held that under the categorical approach, Pennsylvania burglary does not qualify as generic burglary under the enumerated clause. See United States v. Steiner, No. 14-4628, 2017 WL 437657 (3d Cir. Feb. 1, 2017); United States v. Herrold, Nos. 4:91-cr-71, 4:16-cv-1294, 2016 WL 7374884 (M.D. Pa. Dec. 20, 2016); United States v. Wolf, No. 1:04-CR-347-1, 2016 WL 6433151 (M.D. Pa. Oct. 31, 2016); United States v. Harris, No. 1:CR-06-0268, 2016 WL 4539183 (M.D. Pa. Aug. 31, 2016). Because Boyd's ACCA enhancement necessarily implicated the now-defunct residual clause, his § 2255 petition is both timely and procedurally proper, and his enhanced sentence is unlawful in light of Johnson II.

### III.

The government's sole argument in this case is that Boyd's claim must be dismissed because it does not meet the standard of 28 U.S.C. § 2255(h) for second or successive § 2255 petitions. Section 2255(h) provides in relevant part that a second or successive petition must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." The Fourth Circuit Court of Appeals authorized the filing of a successive petition by Boyd in this case. ECF No. 69.

Nevertheless, § 2244 states that "[a] district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section." 28 U.S.C. § 2244(b)(4). Section 2244(b)(2)(A) requires a movant to show that his claim relies on new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The government argues that Boyd cannot make this required showing because his claim is "rooted entirely in the application of Taylor v. United States, 495 U.S. 575 (1990), and Descamps v. United States, 133 S. Ct. 2276 (2013), to Pennsylvania's burglary statute and thus does not rely upon a new rule of constitutional law." ECF No. 83, at 5. The government contends that the recent Johnson II decision is only relevant in that it "eliminates the potential back-up argument" that Pennsylvania burglary might also have satisfied the residual clause. Id.

The Fourth Circuit recently addressed—and rejected—a similar argument in United States v. Winston, 850 F.3d 677 (4th Cir. 2017). Winston was before the court on a successive § 2255 motion brought pursuant to Johnson II, and the government argued relief under § 2255 was unavailable because Winston did not rely on a new rule of constitutional law as required by § 2244(b)(4) and § 2244(b)(2)(A). Specifically, the government argued that Winston was barred from claiming reliance on Johnson II because the record did not establish that the sentencing court relied on the residual clause in concluding Winston's Virginia common law robbery conviction qualified as a violent felony. The Fourth Circuit

7

disagreed, holding Winston's § 2255 petition relied, at least in part, on the new rule of constitutional law announced in Johnson II. 850 F.3d at 682. The court explained:

> Although the record does not establish that the residual clause served as the basis for concluding that Winston's prior convictions for rape and robbery qualified as violent felonies, "[n]othing in the law requires a [court] to specify which clause ... it relied upon in imposing a sentence." In re Chance, 831 F.3d 1335, 1340 (11th Cir. 2016). We will not penalize a movant for a court's discretionary choice not to specify under which clause of Section 924(e)(2)(B) an offense qualified as a violent felony. Thus, imposing the burden on movants urged by the government in the present case would result in "selective application" of the new rule of constitutional law announced in Johnson II, violating "the principle of treating similarly situated defendants the same." Id. at 1341 (quoting Teague, 489 U.S. at 304, 109 S. Ct. 1060).
>
> We therefore hold that when an inmate's sentence may have been predicated on application of the now-void residual clause and, therefore, may be an unlawful sentence under the holding in Johnson II, the inmate has shown that he "relies on" a new rule of constitutional law within the meaning of 28 U.S.C. § 2244(b)(2)(A). This is true regardless of any non-essential conclusions a court may or may not have articulated on the record in determining the defendant's sentence. Chance, 831 F.3d at 1340.

Id.

As in Winston, the sentencing judge did not specify which clause of § 924(e) he relied on in enhancing Boyd's sentence under the ACCA. See ECF No. 91. The court therefore concludes that as Boyd's sentence may have been predicated on application of the now-defunct residual clause. Thus, Boyd's petition relies, at least in part, on the new rule of

8

constitutional law announced in Johnson II. As such, it is procedurally proper and timely filed.[4]

## IV.

Having cleared this procedural hurdle, Boyd prevails on his § 2255 motion, as the government concedes that Boyd's two Pennsylvania burglary convictions no longer qualify as violent felonies under the ACCA.[5] The court therefore finds that the 180-month sentence Boyd received is unconstitutional, as it is greater than the 120-month maximum penalty set forth in § 924(a)(2). As such, Boyd's § 2255 motion is **GRANTED**, and the government's motion to dismiss **DENIED**.

An appropriate Order will be entered.

Entered: 05-05-2017

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

---

[4] Section 2255(f) contains a one year statute of limitations. Boyd filed his petition within one year of the Supreme Court's decision in Johnson II, which was handed down on June 26, 2015.

[5] There is no need for the court to address Boyd's Georgia conviction because without the two Pennsylvania convictions, Boyd does not have the requisite number of convictions for enhancement under § 924(e).

9